United States District Court
Southern District of Texas
**ENTERED**
December 28, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| BILLY C. BLANTON, (TDCJ # 00750531)  *Plaintiff*, | § § § § § |
| vs. | §   CIVIL ACTION NO. H-23-4767 |
| LYNN SHARP, *et al.*,  *Defendants*. | § § § § |

## MEMORANDUM OPINION AND ORDER

Plaintiff Billy C. Blanton is a state inmate confined in the Texas Department of Criminal Justice—Correctional Institutions Division. In a 42-page complaint, he sues 55 individual defendants from three different TDCJ Units and the University of Texas Medical Branch—Galveston under 42 U.S.C. § 1983. (Dkt. 1, pp. 9-34). Blanton has also filed a motion to proceed *in forma pauperis*, together with a certified copy of his inmate trust fund account statement. (Dkts. 3, 4). Because Blanton is not eligible to proceed with this action *in forma pauperis*, the Court dismisses this action for the reasons explained below.

I.   **BACKGROUND**

Blanton is currently serving a thirty-year sentence for aggravated sexual assault on a child. *See* Inmate Search, www.tdcj.texas.gov (last visited Dec. 22,

2023). In his current complaint, he alleges that all 55 of the defendants, as well as the entire staff of UTMB—Galveston, have conspired to harass him, retaliate against him, and persecute him since 2011. (Dkt. 1, pp. 9-34). He alleges that he is in imminent danger of serious physical injuries from all the defendants, and he asks the Court to order his transfer to a "protective custody prison" and award both compensatory and punitive damages. (*Id.* at 37-39).

## II. **DISCUSSION**

Because Blanton is currently incarcerated, his civil action is governed by the Prison Litigation Reform Act ("PLRA"), which was enacted, in part, to prevent prisoners from abusing the privilege of proceeding *in forma pauperis*. *See Coleman v. Tollefson*, 575 U.S. 532, 535 (2015) (citing *Jones v. Bock*, 549 U.S. 199, 204 (2007)). Under the "three-strikes rule" established in the PLRA, an inmate may not proceed *in forma pauperis* if, while incarcerated, three or more of his civil actions or appeals have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (observing that the three-strikes rule was established to "help staunch a 'flood of nonmeritorious' prisoner litigation") (quoting *Jones*, 549 U.S. at 203).

Court records reflect that, since he has been incarcerated, Blanton has filed

numerous previous lawsuits, including at least three civil actions that have been dismissed as frivolous or for failure to state a claim upon which relief can be granted. *See, e.g., Blanton v. Gilstrap, et al.,* Civil Action No. G-12-0059 (S.D. Tex. Apr. 17, 2012); *Blanton v. Duncan,* Civil Action No. 9:04-cv-0164 (E.D. Tex. Nov. 29, 2004); *Blanton v. Stacks,* Civil Action No. 9:04-cv-0151 (E.D. Tex. Oct. 26, 2004). Therefore, Blanton may not proceed *in forma pauperis* unless he shows that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g); *Baños v. O'Guin,* 144 F.3d 883, 885 (5th Cir. 1998). Blanton is well-aware of this restriction on his ability to proceed *in forma pauperis* because he has had no fewer than three prior cases dismissed under the three-strikes bar. *See, e.g., Blanton v. Texas Prison System's Mailroom Supervisors, et al.,* Civil Action No. 4:23-cv-4560 (S.D. Tex. Dec. 14, 2023); *Blanton v. Holliday Unit,* Civil Action No. 4:23-cv-3954 (S.D. Tex. Oct. 27, 2023); *Blanton v. Thomas, et al.,* Civil Action No. 4:21-cv-1851 (S.D. Tex. June 9, 2021).

To attempt to take advantage of the imminent danger exception to the three-strikes bar, Blanton alleges that the defendants have been involved in multiple conspiracies to have him murdered since he arrived at TDCJ in 1996. (Dkt. 1, p. 9). But the imminent danger exception is intended to apply to "genuine emergencies, where time is pressing." *Heimermann v. Litscher,* 337 F.3d 781, 782 (7th Cir. 2003) (quoting *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002)). The "threat or prison

condition must be real and proximate." *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir. 2003). "Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id.*; *see also Baños*, 144 F.3d at 884; *McGrew v. La. State Penitentiary Mental Health Dep't*, 459 F. App'x 370, 370 (5th Cir. 2012) (per curiam) ("The determination whether a prisoner is under 'imminent danger' must be made at the time the prisoner seeks to file his suit in district court, when he files his notice of appeal, or when he moves for IFP status."). Conclusory allegations of imminent danger are not sufficient to satisfy § 1915(g). *See Ciarpaglini*, 352 F.3d at 331; *see also Hyder v. Obama*, No. 5:11-cv-26, 2011 WL 1113496, at *3 (E.D. Tex. Mar. 11, 2011), *report adopted by* 2011 WL 1100126 (E.D. Tex. Mar. 24, 2011); *Valdez v. Bush,* No. 3:08-cv-1481, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008). In addition, the plaintiff's factual allegations of imminent danger must "not [be] fanciful, fantastic, or delusional." *Jones v. Hutto*, No. 3:19-CV-1359-N-BN, 2019 WL 3307068, at *2 (N.D. Tex. June 11, 2019), *report and recommendation adopted*, No. 3:19-CV-1359-N, 2019 WL 3304791 (N.D. Tex. July 23, 2019).

Blanton's allegations do not satisfy these requirements. He alleges that the conspiracy against him began on his first day in TDCJ custody in 1996 and has continued unabated since that time. (Dkt. 1, pp. 9-34). The alleged conspiracy involves TDCJ personnel at no fewer than three TDCJ Units, including several

wardens, the mailroom supervisor, the law librarian, unit classification supervisors, multiple corrections officers, all members of the medical staff at each of the units, and at least two telehealth providers. (*Id.*). Blanton alleges that the defendants have failed to protect him from sexual violence from other inmates, failed to treat him for the resulting injuries, refused to accept and process his grievances, opened his outgoing mail and used its contents against him, tampered with documents and forms he has signed, and failed to provide him with his proper diet. (*Id.*). While Blanton identifies specific events that occurred in 2011, 2015, 2019, and May through August 2023, none of those events involved any type of physical threat or physical harm perpetrated by prison officials. (*Id.* at 27-34). More importantly, none of the events occurred at or near the time this complaint was filed in December 2023. "Prisoners cannot exempt themselves from the operation of § 1915(g) by claiming that they are in imminent danger at all times and under all circumstances." *Morris v. Walls*, No. 19-cv-00006-DC, 2019 WL 12336299, at *3 (W.D. Tex. Jan. 14, 2019); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 n.1 (3d Cir. 2001) (generalized complaints of ongoing harassment, conspiracies to harm the plaintiff, or other forms of retaliation are insufficient to show an imminent danger of serious physical injury for purposes of § 1915(g)). Blanton's claim of an ongoing conspiracy across multiple TDCJ units is insufficient to show imminent danger under § 1915(g).

Blanton's complaint contains factual allegations that are fanciful, fantastic, or delusional and that do not show that he was in imminent danger of serious physical injury when he filed his complaint. He is therefore barred by § 1915(g) from proceeding with this action *in forma pauperis*.

### III. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. This prisoner civil rights action filed by Billy C. Blanton is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(g).

2. Any other pending motions are **DENIED as moot**.

3. Blanton may move to reinstate this case only if he pays the full amount of the filing fee for a civil action ($405.00) within 30 days from the date of this Order.

The Clerk will provide a copy of this Order to the plaintiff. **The Clerk will also provide a copy of this order to the Manager of the Three Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.**

SIGNED at Houston, Texas on _____Dec. 28_____, 2023.

_____
DAVID HITTNER
UNITED STATES DISTRICT JUDGE